## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| Alastair M. Jemison, | ) | |
| --- | --- | --- |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | Case No: 13 C 50335 |
| Rockford Area Plumbing, Pipefitting, & Refrigeration Local 23 JATC, | ) ) ) | |
| *Defendant*. | ) ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff's motion for reconsideration [42] is granted in part. This court's July 29, 2014 order is modified as set out herein.

## STATEMENT

Plaintiff, Alastair Jemison, has moved this court to reconsider, at least in part, its July 29, 2014 order. In that order, this court imposed a sanction on plaintiff of $1,569.42 to reimburse defendant for costs associated with plaintiff's failure to appear at a settlement conference before the magistrate judge despite being ordered to appear. In the last line of the order, this court also warned that "[f]ailure to pay this amount and file proof with this court within thirty days will result in additional sanctions, up to and including dismissal of the case." It is to this last portion plaintiff objects, asking that, in light of his financial constraints, the accidental (that is, not willful) nature of his failure to appear before the magistrate judge, and his acceptance of the monetary sanction as appropriate in the circumstances, that the court strike its threat of additional sanctions. Defendant opposes plaintiff's motion.

"It is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." Broaddus v. Shields, 665 F.3d 846, 860 (7th Cir. 2011). "Such problems rarely arise and the motion to reconsider should be equally rare." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). Nevertheless, the court is encouraged to exercise its discretion to reconsider an order where the movant "clearly establishes a manifest error of law or fact" so as to "avoid unnecessary appellate procedures." Miller v. Safeco Ins. Co. of Am., 683 F.3d 805, 813 (7th Cir. 2012) (quotation marks omitted).

The court concurs with defendant that an admonition concerning potential future sanctions should plaintiff fail to pay the ordered sanction was both appropriate and, given the history of this

case, necessary.  See Johnson v. Chi. Bd. of Educ., 718 F.3d 731, 732-33 (7th Cir. 2013); McInnis v. Duncan, 697 F.3d 661, 665 (7th Cir. 2012); Brown v. Columbia Sussex Corp., 664 F.3d 182, 190-91 (7th Cir. 2011).  However, the court is also sensitive to the plaintiff's financial constraints and is willing to provide a more lenient time frame to permit plaintiff to meet his obligations imposed on him based on his sanctionable conduct.  Accordingly, the court will reconsider the July 29, 2014 order, strike the last sentence, and instead require that plaintiff pay the sanction or come to some form of payment plan acceptable to all parties within sixty days of the date of this order before defendant may move the magistrate judge for additional sanctions for contempt of the original sanction order.

Date: 9/4/2014

ENTER:

_____
FREDERICK J. KAPALA

District Judge